UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DANYA H. BRIEN,                              Case No. 3:11-cv-01223-AA

        Plaintiff,                           OPINION AND ORDER

    v.

CAROLYN W. COLVIN, Acting
Commissioner of Social
Security,

        Defendant.

_____

George J. Wall
1336 E. Burnside St., Suite 130
Portland, OR 97214
     Attorney for plaintiff

S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Ave., Suite 600
Portland, OR 97204

Mathew W. Pile
Special Assistant United States Attorney
Social Security Administration
701 Fifth Ave., Suite 2900 M/S 221A
Seattle, WA 98104-7075
     Attorneys for defendant

1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff brings this action seeking judicial review of a final decision of the Commissioner denying her applications for disability insurance benefits (DIB) and supplemental security income benefits (SSI) under Titles II and XVI of the Social Security Act (the Act). This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Commissioner's decision is affirmed.

<u>BACKGROUND</u>

On August 21, 2009, plaintiff protectively filed applications for DIB and SSI. Tr. 140-53. Plaintiff's applications were denied initially and on reconsideration. Tr. 80-94, 95-99. On November 29, 2010, plaintiff, her mother, and a vocational expert (VE) appeared and testified before an administrative law judge (ALJ). Tr. 39-79. On January 5, 2011, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 16-38. On August 12, 2011, the Appeals Council denied review, rendering the ALJ's decision as the final agency decision. Tr. 1-4. Plaintiff now seeks judicial review.

Plaintiff was thirty years old at the time of the ALJ's decision, with an high school education, some college course work, and past relevant work as a telemarketer, childcare worker, and production line worker. Tr. 45, 47-49, 197, 214. Plaintiff alleges disability since August 5, 2009 due to various physical and mental limitations, including effects of influenza, depression, post-

traumatic stress disorder (PTSD), anxiety, thyroid issues, sleep apnea and numbness in her hands. Tr. 174, 237.

STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is supported by substantial evidence in the record and the correct application of the law. Valentine v. Comm'r Soc. Sec. Admin, 574 F.2d 685, 690 (9th Cir. 2009). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988) (internal quotation marks and citations omitted). In determining whether substantial evidence supports the decision, the court must weigh "both the evidence that supports and detracts from the [Commissioner]'s conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence "is susceptible to more than one rational interpretation," the Commissioner's conclusion must be upheld. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which

can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant sequential process. See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 21; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the ALJ found that plaintiff had medically determinable impairments of morbid obesity, history of renal failure, sleep apnea, history of back surgery, sensory neuropathy in left upper extremity, PTSD, adjustment disorder with depressed mood, personality disorder, and a history of polysubstance abuse. Tr. 21; 20 C.F.R. §§ 404.1520(c), 416.920(c). However, at step three, the ALJ found that these impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." Tr. 14; 20 C.F.R. §§ 404.1520(d), 416.920(d).

At step four, the ALJ determined plaintiff's residual functional capacity (RFC) and found that plaintiff retained the RFC to perform light work with occasional climbing, balancing, stooping kneeling, crouching and crawling, and frequent handling with her left upper extremity. The ALJ also found that plaintiff must avoid exposure to hazards and vibrations and was limited to simple,

routine work with no public interaction. Tr. 24; 20 C.F.R. §§ 404.1520(e), 416.920(e). Based on this RFC assessment and the testimony of the VE, the ALJ found that plaintiff could perform her past relevant work as a production line worker. Tr. 31; 20 C.F.R. §§ 404.1520(f), 416.920(f).

Alternatively, at step five, the ALJ found that plaintiff was capable of performing other light and unskilled work. Tr. 32; 20 C.F.R. §§ 404.1520(g), 416.920(g). Therefore, the ALJ found plaintiff not disabled under the meaning of the Act. Tr. 32.

<u>DISCUSSION</u>

Plaintiff asserts that the ALJ erred by failing to find that she has a severe impairment of "ongoing" degeneration in her lumbar spine, improperly evaluating the effects of plaintiff's obesity and sleep apnea on her ability to work, and finding that plaintiff could perform her past relevant work.[1]

A. Step Two Findings

Plaintiff maintains that the ALJ erred at step two by failing to find that she has a medically severe impairment of degeneration in her lumbar spine.

At step two, the ALJ determines if the claimant has a "severe" impairment that "significantly limits [the claimant's] physical or

---

[1]Plaintiff also assigns error to the ALJ's step five findings, in that the ALJ failed to identify specific jobs in the national economy that plaintiff could perform. However, the Commissioner does not rely on the ALJ's alternative step five findings to support the disability determination.

5 - OPINION AND ORDER

mental ability to do basic work activities." 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment cannot be established on the basis of symptoms alone; it must be supported by a medical diagnosis. Ukolov v. Barnhart, 420 F.3d 1002, 1005 (9th Cir. 2005); 20 C.F.R. §§ 404.1508, 416.908. "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks and citations omitted). "Step two, then, is 'a de minimis screening device [used] to dispose of groundless claims,' and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is 'clearly established by medical evidence.'" Webb v. Barnhart, 433 F.3d 683, 687 (9th Cir. 2005) (quoting Smolen, 80 F.3d at 1290 and S.S.R. 85-28).

Here, I find plaintiff's argument to be a question of semantics. Although the ALJ did not identify "ongoing degeneration" of plaintiff's lumbar spine as a severe impairment, the ALJ did find plaintiff's history of back surgery as severe. Moreover, the ALJ considered the effects of plaintiff's back impairments and pain when determining her RFC. Tr. 27, 31; see Lewis v. Astrue, 498 F.3d 909, 911 (9th Cir. 2007) (any error at step two is considered harmless if the ALJ considered the effects of impairments deemed non-severe in assessing a claimant's RFC); see also 20 C.F.R. §§

404.1545(a)(2), 416.945(a)(2) ("We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe' . . . when we assess your residual functional capacity.").

Plaintiff nonetheless contends that the ALJ failed to "grasp the severity" of plaintiff's back impairments and suggests the ALJ improperly rejected plaintiff's testimony regarding back pain. As explained below, the ALJ gave clear and convincing reasons to support the rejection of plaintiff's testimony. With respect to plaintiff's back pain, the ALJ noted that in 2009, plaintiff denied severe back pain or sciatic pain radiation, and in 2010, after reports of chronic back pain, plaintiff reported improvement with medication and treatment. Tr. 27, 31, 720, 868-69. Accordingly, I find no error at step two.

B. RFC Findings

Next, plaintiff argues that the ALJ failed to consider the effects of her obesity and sleep apnea when determining plaintiff's RFC and ability to work. With respect to sleep apnea, plaintiff argues that the ALJ improperly rejected her complaints of fatigue by incorrectly finding that plaintiff would not use a continuous positive airway pressure (CPAP) machine to help her apnea, when plaintiff tried but could not tolerate the CPAP machine. Tr. 30. Plaintiff also argues that the ALJ improperly discounted plaintiff's obesity because she failed to lose weight as

recommended by medical care providers. Tr. 30. I find no error.

Plaintiff testified that her ability to work was limited by "extreme" fatigue related to her sleep apnea and by her lower back pain. Tr. 54-57. The ALJ found plaintiff's complaints not fully credible due to the medical record and plaintiff's improvement with treatment, plaintiff's daily activities, and plaintiff's failure to "avail herself of all treatment modalities," including recommended weight loss and use of the CPAP machine. Tr. 23-27, 30-31. Specifically, the ALJ noted that medical reports reflected improvement with plaintiff's sleep apnea after use of the CPAP machine, and that plaintiff's back pain improved after surgery and responded well to treatment and medication afterward. Tr. 27, 30-31. The ALJ further noted that a medical provider reported that plaintiff "will not use" the CPAP machine. Tr. 30, 781.

Regardless of plaintiff's aversion to the CPAP machine, it was recommended by medical care providers to improve her sleep apnea, and plaintiff's doctor and therapist reported efforts to assist her in becoming comfortable with the machine. Tr. 785, 789-90. Additionally, the record reflects that plaintiff's back pain improved with surgery, treatment, and medication. Tr. 720, 855, 868; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). The ALJ also noted plaintiff's daily activities, sporadic work history and the fact that plaintiff had lost jobs due to lay offs and tardiness rather than disability. Tr. 25, 30, 622; see Thomas

8 - OPINION AND ORDER

v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002). Finally, the ALJ noted that no physician opined that plaintiff could not work and instead recommended increased physical activity. Tr. 25, 644, 785-86, 868-69, 897. Upon review of the record, the ALJ's findings are clear, convincing and supported by evidence in the record, and they support the ALJ's credibility findings and assessment of plaintiff's complaints. Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1160 (9th Cir. 2008) (unless evidence of malingering is present in the record, the ALJ must base adverse credibility finding on clear and convincing reasons).

C. Step Four Finding

Plaintiff next argues that, in finding plaintiff able to perform past relevant work, the ALJ erroneously relied on VE testimony that conflicts with the Dictionary of Occupational Titles, (4th ed. rev. 1991) (DOT).[2] Specifically, plaintiff argues that the DOT requirements for the job of production line worker exceed her RFC. The description of production line worker contained in the DOT includes a General Educational Development (GED) reasoning level of 2, DOT 706.687-010, defined as the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions [and] [d]eal with problems involving a few concrete variables in or from standardized situations." DOT, Appx. C, § III. Plaintiff maintains that a GED

_____

[2]Available at http://www.oalj.dol.gov/libdot.htm.

level of 2 exceeds her RFC limitation of "simple, routine work."

The VE did not identify or explain any conflicts between the DOT's definition of production line worker and plaintiff's RFC. Thus, plaintiff argues that the ALJ erred by failing to inquire into the unresolved inconsistency between the VE's testimony that plaintiff could perform the duties of production line worker and the DOT's requirements for that position. See Massachi v. Astrue, 486 F.3d 1149, 1152-53 (9th Cir. 2007); S.S.R. 00-4p.

I find no inconsistency, as a GED reasoning level 2 is generally consistent with the ability to perform simple, routine tasks. See Hackett v. Barnhart, 395 F.3d 1168, 1176 (10th Cir. 2005) (reasoning level two is consistent with simple and routine tasks); Meissl v. Barnhart, 403 F. Supp. 2d 981, 983-85 (C.D. Cal. 2005) (reasoning level 2 did not conflict with the ALJ's prescribed limitation of work involving "simple, repetitive" tasks); Tracer v. Astrue, 2011 WL 2710271, at *10 (D. Or. July 12, 2011) (reasoning level two does not contradict limitation to simple tasks); Koch v. Astrue, 2009 WL 1743680 at *17 (D. Or. June 15, 2009) (level two reasoning is consistent with simple, routine tasks).

Regardless, the tasks contemplated in the DOT description for production line worker are consistent with plaintiff's RFC; nothing in the description contemplates detailed and complex instructions or tasks beyond plaintiff's RFC. See DOT 706.687-010.

Thus, because the ALJ's RFC determination was supported by

substantial evidence and the VE testified that the job of production worker was consistent with plaintiff's RFC, the ALJ's reliance on the VE's testimony was not erroneous. Tr. 76-77. Accordingly, I find that the ALJ did not err in finding the duties of a production line worker to be consistent with plaintiff's RFC.

<u>CONCLUSION</u>

The ALJ's finding that plaintiff was not disabled under the Act is supported by substantial evidence in the record. Accordingly, the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

DATED this *15th* day of June, 2013.


_____
Ann Aiken
United States District Judge

11 - OPINION AND ORDER